UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

NOAH GREENBLATT

and

CODY TEAGUE,

      Plaintiffs,

v.

GREEN PLANET CORP.,
a Florida Profit Corporation,

      Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiffs, NOAH GREENBLATT ("Mr. Greenblatt") and CODY TEAGUE ("Mr. Teague"), collectively "Plaintiffs," by and through undersigned counsel, file this Complaint against Defendant, GREEN PLANET CORP. ("Defendant" or "GPC"), and states as follows:

**NATURE OF THE SUIT**

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiffs were employees who performed services on behalf of Defendant in Broward County, Florida, and nearby/adjacent counties.

1

3. GPC is a Florida profit corporation located in Coral Springs, Broward County, Florida, and which, at all times relevant, performed work in Broward County, Florida.

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Broward County, Florida.

## **FLSA COVERAGE**

6. At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiffs were "employees" within the meaning of the FLSA.

8. At all times material hereto, Defendant was Plaintiffs' "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

10. At all times material hereto, Defendant was primarily engaged in providing lawnmowing, landscaping, tree-trimming, and other groundskeeping services to local customers via its premises located in Broward County, Florida.

11. At all times material hereto, Plaintiffs were "engaged in commerce"

within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

12. At all times material hereto, Plaintiffs were engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

13. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as lawnmowers, weedeaters, labor tools, equipment, and machinery, but which had come to rest within its warehouse location in Broward County, Florida.

14. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendant, in that Defendant could not operate its business without crew leaders and tree trimmers like Mr. Greenblatt and groundsmen like Mr. Teague.

## FACTUAL ALLEGATIONS

15. Mr. Greenblatt has worked for Defendant under the title of Crew Leader, Operator, and Tree Trimmer for a landscaping crew from July 17, 2019, through the present.

16. Mr. Teague worked for Defendant under the title of Groundsman for a landscaping crew from August 1, 2019, until October 16, 2019.

17. Plaintiffs always worked in Broward County, Florida, and nearby/adjacent counties, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

18. Plaintiffs had no authority to hire or fire employees of GPC.

19. Plaintiffs had no authority to discipline employees of GPC.

20. Plaintiffs had no authority to determine the schedules to be worked by any employees of GPC, or to change the schedules.

21. Plaintiffs had no authority to set rates of pay for other employees or agents of GPC.

22. Plaintiffs had no input into performance reviews of other employees or agents of GPC.

23. All of Plaintiffs' major decisions had to be cleared in advance by one of GPC's supervisors.

24. Plaintiffs were closely monitored by GPC's managers and supervisors at all times.

25. Plaintiffs followed procedures established by GPC and did exactly as he was instructed to do.

26. Plaintiffs' duties were to perform lawnmowing, landscaping, tree-trimming, and other groundskeeping services.

27. Throughout Plaintiffs' employment, Defendant regularly required Plaintiffs to work in excess of forty (40) hours per week.

28. Defendant paid Mr. Greenblatt a day rate of $140.00 per day of work.

29. Defendant paid Mr. Teague a day rate of $105.00 per day of work

30. Plaintiffs regularly worked sixty (60) or more hours per week for Defendant.

31. Defendant failed to pay Plaintiffs full and proper overtime compensation for all hours worked over forty (40) per week during the above-noted time period.

32. When Plaintiffs worked more than forty (40) hours in a given work week, Defendant failed to properly pay them for all overtime hours worked.

33. Defendant failed to show the number of hours worked by Plaintiffs in each pay period on Plaintiffs' periodic pay stubs. Instead, only a dollar amount of wages was displayed on Plaintiffs' paychecks.

34. Mr. Greenblatt's Manager at GPC, Sergey Sadovoy, regularly put a notation stating "independent contractor" on Mr. Greenblatt's paychecks.

35. Mr. Greenblatt was an hourly-paid employee of GPC, and not an independent contractor.

36. Plaintiffs should have been compensated at the rate of one-and-one-half times Plaintiffs' regular rates for all hours that Plaintiffs worked in excess of forty (40) hours per week, as required by the FLSA, throughout their employment.

37. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiffs worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiffs at the statutory rate of one-and-one-half times Plaintiffs' regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

38. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiffs' actual job duties and pay structure rendered them exempt from recovering payment for all overtime worked under the FLSA.

39. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiffs' actual job duties and pay structure rendered them exempt from recovering payment for all overtime worked under the FLSA.

40. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiffs' actual job duties and pay structure rendered them exempt from recovering payment for all overtime worked under the FLSA.

41. Based on the allegations in Paragraphs 38-40, above, Plaintiffs are entitled to liquidated damages, as Defendant had no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

42. Plaintiffs have retained the law firm of RICHARD CELLER LEGAL, P.A. to represent them in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

43. Plaintiffs reincorporate and re-allege paragraphs 1 through 42 of the Complaint as though set forth fully herein, and further allege as follows:

44. Plaintiffs are entitled to be paid time-and-one-half their regular rates of pay for each hour worked in excess of forty (40) per work week.

45. During Plaintiffs' employment with Defendant, Plaintiffs regularly worked overtime hours, but were not paid full and proper time-and-one-half compensation for all hours worked.

46. Plaintiffs were not exempt employees as defined by the FLSA.

47. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiffs time-and-one-half their regular rates of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs have suffered damages, in addition to incurring reasonable attorneys' fees and costs.

48. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Award Plaintiffs overtime compensation in the amount due to them for time worked in excess of forty (40) hours per work week;

    c. Award Plaintiffs liquidated damages in an amount equal to the overtime award applicable to each Plaintiff;

    d. Award Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Award Plaintiffs pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

DATED this 9th day of July, 2020.

> Respectfully Submitted,
>
> **By: /s/Noah E. Storch**
> Noah E. Storch, Esq.
> Florida Bar No. 0085476
> RICHARD CELLER LEGAL, P.A.
> 10368 W. SR 84, Suite 103
> Davie, Florida 33324
> Telephone: (866) 344-9243
> Facsimile:  (954) 337-2771
> E-mail:noah@floridaovertimelawyer.com
>
> *Trial Counsel for Plaintiff*